UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

YOLANDA BRADFORD,

   Plaintiff,

v.

FBCS, INC.,

   Defendant.

Case No. 4:21-cv-01051

## COMPLAINT

**NOW COMES** Plaintiff, YOLANDA BRADFORD ("Plaintiff"), by and through her under signed counsel, complaining of the Defendant, FBCS, INC., ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against FBCS, INC., seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4. Yolanda Bradford ("Plaintiff") is a natural person over 18-years-of-age who, at all times relevant, resided and was domiciled in the Houston, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. FBCS, INC., ("Defendant") is a corporation with its principal place of business located at 330 S. Warminster, Road Suite 353, Hatboro, PA 19040.

7. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) the principal

1

purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts in the state of Texas that are owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

8. On January 12, 2021, Defendant sent Plaintiff a letter attempting to collect on an alleged debt for Park Manor of Cypress Station, a nursing home facility, in the amount of $298.55 ("subject debt").

9. The subject debt is a debt as defined by 15 U.S.C. §1692a(5).

10. Confused as to why she was received this letter, Plaintiff placed a phone call to Defendant on or around January 28, 2021.

11. During this phone conversation, Plaintiff spoke with Defendant's representative, "Deshelle."

12. During this phone call, Plaintiff advised Deshelle that the subject debt does not belong to Plaintiff, but to Plaintiff's mother.

13. Plaintiff explained that unfortunately her mother had recently passed away.

14. Plaintiff further inquired as to where she was able to send her mother's death certificate.

15. Deshelle responded by stating that it would not matter if Plaintiff sent in a death certificate for her mother because Defendant had the debt listed in Plaintiff's name.

16. Plaintiff, understandably confused by Defendant's comment, inquired how is that possible?

17. Defendant's representative Deshelle stated that Plaintiff's mother's name is nowhere on Defendant's records and that the "current creditor" does not allow Defendant to switch names.

18. Plaintiff inquired how that would be possible. Specifically, Plaintiff's mother resided at Park Manor of Cypress Station; however, Plaintiff has no contractual obligations for her mother's residency costs or did Plaintiff ever resided at the Park Manor of Cypress Station.

19. Deshelle essentially ignored Plaintiff's question and continued to advise Plaintiff that Defendant would continue to contact her regarding the subject debt because Plaintiff's name is on the account.

20. Then, in an attempt to get Plaintiff to pay the subject debt, Deshelle offered to reduce the amount of the subject debt if Plaintiff made a payment on it.

21. Plaintiff frustrated with Defendants continuous attempts to collect a debt that Plaintiff did not owe, Plaintiff ended the conversation.

22. Defendant's misleading representations were material because it impacted Plaintiff's decision to pay the subject debt, and impacted the basic information consumers are guaranteed under the FDCPA.

23. Specifically, the stress associated with dealing with her deceased mother's debt caused Plaintiff significant anxiety.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff restates and realleges all preceding paragraphs of this Complaint as though fully set forth herein.

    a. **Violations of FDCPA §§1692f and 1692e**

25. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

26. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt not belonging to Plaintiff.

27. Defendant unfairly and unconscionably attempted to coerce Plaintiff into paying a debt that does not belong to her.

28. Specifically, when Defendant's representatives ignored Plaintiff's explanations regarding

the subject debt, and ignored her questions about sending her mother's death certificates, Defendant violated §1692f.

29. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

30. Defendant violated §1692e by falsely representing, through implication, that Plaintiff was liable for the debt that was allegedly owed by her mother when: (1) Deshelle refused to give Plaintiff information for sending in Plaintiff's mother's death certificate; (2) Deshelle told Plaintiff that she would continue to be liable for the subject debt despite Plaintiff advising that the debt did not belong to her; and (3) even after being informed that the subject debt did not belong to Plaintiff, Deshelle still attempted to collect a payment from Plaintiff on the subject debt.

31. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

    **b. Violations of 15 U.S.C. §1692g**

32. Pursuant to § 1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

33. Assuming arguendo, that Plaintiff was responsible for this subject debt, Defendant violated § 1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff on or around January 12, 2021.

**<u>Intentionally Left Blank</u>**

**WHEREFORE** Plaintiff, **YOLANDA BRADFORD**, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: March 31, 2021                                         Respectfully submitted,

*/s/ Victor T. Metroff*
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180 (phone)
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com